UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JAMES KLINE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 21-036-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| CAMPBELL CO. DET. CTR., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Kline Myers is a pretrial detainee currently confined at the Campbell County Detention Center ("CCDC") in Newport, Kentucky. Proceeding without an attorney, Myers has filed a civil complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion for leave to proceed *in forma pauperis*. [R. 3] The Court has reviewed Myers' motion and supporting documentation and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Myers has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Myers' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Myers' factual allegations as true and liberally construes Myers' legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Myers' complaint is evaluated under a more lenient standard because he

is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

As a general matter, although Myers used the Court's form to file his complaint, his allegations are in a narrative form that is disjointed, repetitive, at times incoherent, and, in some places, in such small handwriting that it is essentially illegible. Still, making every effort to ascertain the nature and basis of Myers' claims, he appears to allege that he contracted COVID-19 in December 2020 while he was housed in the CCDC. He claims that there were only two ways for him to have gotten it, either from the failure of infected staff to follow proper procedures or from other infected people coming into the jail. He also states that he was asked to sign a paper without his lawyer that he was guilty, that "they" are not liable, and that they wanted him to try a new medication. He also makes references to food portions and the batteries in the thermometers used for temperature checks. He generally alleges that there was mismanagement and that he has not received medical or mental health care. He brings a variety of claims, including "rights of religion and law because of filing motions," medical malpractice, cruel and unusual punishment, humiliation, refusal of legal help, placing in harm's way, threats, slavery, and corruption. As Defendants, he names the CCDC, Southern Health Partners, Campbell County Jailer James Daley, and the Kentucky Department of Corrections ("KDOC"). [R. 1]

However, Myers' complaint will be dismissed for failure to state a claim for which relief may be granted, as a fails to name a viable Defendant to his claims. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Conclusory claims that Defendants violated Myers' rights, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

First, although Myers recites a long list of claims that he seeks to pursue [R. 1 at p. 4], the basis for this Court's subject matter jurisdiction over his case is his claim that his constitutional rights were violated. *See* 28 U.S.C. § 1331; 1367(a). Claims seeking relief for constitutional violations are filed pursuant to 42 U.S.C. § 1983, which allows monetary relief for a plaintiff able to prove that he was "(1) deprived of a right protected by the Constitution or laws of the United States (2) by a person acting under color of state law." *Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007) (citations omitted).

As Defendants to his claims, Myers names the CCDC, Southern Health Partners, Campbell County Jailer James Daley, and the KDOC. However, Myers fails to state a viable claim for the violation of his constitutional rights against any of these Defendants. First, the CCDC is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Myers' claim as one against Campbell County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v.*

3

*Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Myers points to no such policy in his complaint, thus he fails to state a claim for relief against Campbell County. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Myers' claim against Southern Health Partners is similarly deficient. A private corporation that performs a public function, such as contracting with a county to provide medical care in its jails, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Thus, as with a county government, Southern Health Partners is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell*, 436 U.S. at 694, and a plaintiff must specify the corporate policy or custom which he alleges caused his injury. *Paige*, 614 F.3d at 284. Myers has neither alleged nor identified a policy or custom of Southern Health Partners that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its unidentified employees. Accordingly, Myers' complaint fails to state a constitutional claim against Southern Health Partners. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Nor may Myers bring his claims against the KDOC, as the KDOC is not subject to suit under § 1983 in federal court. The KDOC is an agency of the Commonwealth of Kentucky. *See*

4

Ky. Rev. Stat. § 12.250. The Eleventh Amendment of the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019). Thus, Myers may not pursue his claims against the KDOC.

Finally, Myers has failed to plead a viable claim against the only remaining Defendant, Jailer James Daley. While Myers does not indicate whether he seeks to pursue his claims against Daley in his official or individual capacity, he fails to adequately allege a claim against Daley in either capacity. An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that Myers seeks to bring claims against Daley in his "official" capacity as an employee of Campbell County, such claims are construed as claims against the county. However, as previously indicated, Myers does not assert that any of the actions alleged in his complaint were taken pursuant to an established policy of Campbell County, thus he fails to state a claim for relief against Daley in his official capacity.

Myers' claims fare no better if they are construed against Daley in his individual capacity. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County*, 454 U.S. at 325-26. Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Myers' complaint makes no allegation at all of any conduct by Daley, much less allege that Daley was personally involved in conduct that violated Myers' constitutional rights. To the extent that Myers seeks to hold Daley responsible for the conduct of his employees, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, the plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26. Because Myers does not allege

that Daley was personally involved in any conduct that violated Myers' constitutional rights, his claims against Daley in his individual capacity fail.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). Myers' failure to identify any viable defendant against whom he may pursue his constitutional claims does not gives this Court license to create these allegations on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

For all of these reasons, the Court will dismiss Myers' constitutional § 1983 claims. To the extent that his complaint seeks to bring claims arising under Kentucky law (such as negligence and medical malpractice), a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong

presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the Myers' state law claims without prejudice.

For all of these reasons, Myers' complaint fails to state a claim for which relief may be granted and will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Myers' motion to proceed *in forma pauperis* [R. 3] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below.

2. The financial documentation filed by Myers indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**.

3. The Clerk of the Court shall open an account in Myers' name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Myers' name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Myers is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. Each month Myers' custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

5.  Myers' complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

6.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

7.  Judgment shall be entered contemporaneously herewith.

This 12th day of April, 2021.

Signed By:
*William O. Bertelsman* WOB
United States District Judge